

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2007

# Atwell v. Metterau

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3454

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Atwell v. Metterau" (2007). *2007 Decisions*. Paper 183.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/183

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 06-3454 and 06-4322
_____

GEOFFREY WILLARD ATWELL,
Appellant

v.

M.R. METTERAU; C.R. STICKLER
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 06-cv-01047)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1
November 15, 2007

Before: SLOVITER, BARRY and WEIS, Circuit Judges

(Filed: November 28, 2007)
_____

OPINION
_____

PER CURIAM

    Geoffrey Atwell, a former state prisoner proceeding pro se, appeals from several

orders of the United States District Court for the Middle District of Pennsylvania entered

in his civil rights action.  We will affirm.

    In his complaint, Atwell alleged that two correctional officers took his legal papers

and supplies, clothing, and television the day before he was released from prison. Atwell claimed that the officers violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments, and conspired against him. Atwell also claimed that a physician's assistant, Kelly Gallagher, failed to treat his medical condition.

Shortly after filing his complaint, Atwell moved for the recusal of Judge Rambo pursuant to 28 U.S.C. §§ 144, 455(a) and 455(b)(1). Atwell alleged that Judge Rambo was biased against him based upon her adverse rulings in civil rights actions he filed when he was incarcerated, and the fact that this Court remanded some of his cases to the District Court for further proceedings. Atwell also stated that he had filed a complaint against Judge Rambo, and that she had a conflict of interest because she was once a Commonwealth of Pennsylvania employee.

Judge Rambo denied the recusal motion, dismissed Gallagher from the action pursuant to 28 U.S.C. § 1915, and granted the correctional officers' motion to dismiss the complaint. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]

The District Court did not abuse its discretion in denying Atwell's motion for recusal. As recognized by Judge Rambo, opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias

---

[1]Atwell was initially notified that his appeal from the order dismissing Gallagher as a party might be dismissed for lack of jurisdiction. Although Atwell filed this appeal before the District Court entered a final judgment, we have jurisdiction because the appeal ripened upon the District Court's adjudication of his remaining claims. Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983).

2

motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1) unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555 (1990). As Atwell's allegations do not show a deep-seated antagonism, Judge Rambo did not err in denying Atwell's request for recusal based upon her rulings in his prior lawsuits, and the fact that some of those decisions were remanded on appeal.

We also agree that Judge Rambo's employment as a Pennsylvania judge thirty years ago, and the fact that Atwell filed a complaint against Judge Rambo, did not require recusal. Atwell disputes Judge Rambo's statement that she did not know about his complaint and attaches to his brief correspondence reflecting that in 2001 this Court notified Judge Rambo that a complaint filed by Atwell was sent to the Judicial Council. But given that five years lapsed between the filing of that complaint and the recusal motion in this case, and given that Judge Rambo does not recall the complaint, we find no abuse of discretion in the denial of recusal.

The District Court also did not err in dismissing Gallagher as a party pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] The District Court explained that it dismissed Atwell's claim against Gallagher in another action pending before it and denied Atwell's motion for reconsideration. The District Court stated that Atwell's present claim constituted

---

[2]Although the District Court only referred to § 1915, we assume the dismissal was pursuant to § 1915(e)(2)(B).

3

harassment.  Although a defendant usually must raise preclusion as an affirmative defense, a court may sua sponte dismiss an action on this basis where the court is on notice that it previously decided the issue presented.  See Arizona v. California, 530 U.S. 392, 412 (2000) (explaining that this result avoids the burden of twice defending an action and unnecessary judicial waste).  Because the District Court previously adjudicated Atwell's claim based on Gallagher's alleged failure to treat him, the District Court did not err in dismissing Gallagher from this case where Atwell's claim was based on the same cause of action.[3]

And the District Court did not err in granting the correctional officers' motion to dismiss the complaint for failure to state a claim upon which relief may be granted.  As the District Court recognized, Atwell was required to allege an actual injury in order to state a First Amendment denial of access to courts claim based upon the taking of his

---

[3]In Atwell's other action, M.D. Pa. Civ. No. 03-cv-1728, he alleged in his amended complaint that Gallagher refused to treat his serious medical conditions and acted with deliberate indifference and reckless disregard causing him fear for his life.  Gallagher moved to dismiss the complaint because Atwell did not include any factual averments identifying what she did that violated his constitutional rights, the time and place of the alleged deprivation, or facts indicating a deliberate indifference to a serious medical need.  The District Court adopted the Magistrate Judge's recommendation to grant Gallagher's motion because the amended complaint failed to state her personal involvement in any constitutional violation and failed to state an Eighth Amendment deliberate indifference claim.  Atwell unsuccessfully filed a motion for reconsideration in which he stated that, on July 22, 2002, he notified Gallagher that he would sue her.  He attached a medical record of that date in which Gallagher noted that Atwell mentioned a lawsuit.  In Atwell's current complaint, he referred to a lack of treatment on July 22, 2002, and provided the same medical record.

4

legal papers.  <u>Lewis v. Casey</u>, 518 U.S. 343, 351-54 (1996).  Although Atwell asserted that his litigation efforts in several cases were impeded, the dockets for those cases reflect that one case is still being litigated and the others could not have been affected by the alleged taking of documents.  And Atwell only argues in his brief that he lost his research notes.  Atwell was released from prison one day after the officers allegedly took the documents, and he does not contend that he was unable to conduct legal research after his release.  He has not alleged an actual injury resulting from the loss of his legal papers.

The District Court also agreed with the correctional officers that Atwell did not allege facts supporting a conspiracy claim, and that his allegations regarding the deprivation of his property did not state an Eighth Amendment claim because he was not deprived of the minimal civilized measure of life's necessities.  We agree.  And Atwell's arguments that the correctional officers did not comply with the rules of civil procedure do not warrant relief for the reasons stated by the District Court.

Accordingly, we will affirm the District Court's judgment.[4]

---

[4]The correctional officers did not move to dismiss, and the District Court did not adjudicate, Atwell's due process claim.  But Atwell has waived any issues related to this claim on appeal because he did not raise them in his brief.  <u>United States v. Pelullo</u>, 399 F.3d 197, 222 (3d Cir. 2005).  To the extent Atwell refers to his due process claim in his reply brief, his belated reference is insufficient to preserve the claim for review.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 182 n.3 (3d Cir. 1993)